[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 340.]

THE STATE EX REL. WHITACRE-GREER FIREPROOFING COMPANY, APPELLANT,

*v.* CONRAD, ADMR., BUREAU OF WORKERS' COMPENSATION, APPELLEE.

[Cite as *State ex rel. Whitacre-Greer Fireproofing Co. v. Conrad,*

**2002-Ohio-4742.]**

*Workers' compensation—Mandamus sought ordering Bureau of Workers'*
*Compensation to reimburse relator-employer for six years of premium*
*overpayments—Court of appeals' denial of writ reversed and writ of*
*mandamus issued ordering reimbursement of all funds improperly*
*collected, when—"Premium" and "assessment," construed—Ohio*
*Adm.Code 4123-17-17(C) does not bar full reimbursement of all funds*
*wrongly taken by Bureau of Workers' Compensation.*

(No. 2001-0272—Submitted June 26, 2002—Decided September 25, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 99AP-956.

————————————

**Per Curiam.**

{¶1} In 1978, appellant Whitacre-Greer Fireproofing Company became a
self-insuring employer for purposes of the Ohio Workers' Compensation Act. See
R.C. 4123.35(B). On November 4, 1988, Whitacre-Greer cancelled its self-insured
status and returned to State Insurance Fund coverage. R.C. 4123.35(A).

{¶2} One year later, Am.Sub.H.B. No. 222 became law, creating, among
other things, R.C. 4123.35(I)(2).[1] 143 Ohio Laws, Part II, 3197, 3328-3330. That
provision stated:

{¶3} "An employer who no longer is a self-insuring employer * * * shall
continue to pay assessments for administrative costs and for the portion of the

—————————

1. Now R.C. 4123.35(J)(2).

surplus fund * * * that is not used for handicapped reimbursement, based upon paid compensation attributable to claims that occurred while the employer was a self-insured employer * * *."

{¶4} After Am.Sub.H.B. No. 222 became effective, appellee, Bureau of Workers' Compensation, began billing these assessments to businesses such as Whitacre-Greer, that had been self-insured employers, but had reverted to the State Insurance Fund before the statute's effective date. In November 1994, however, the bureau's Self-Insured Review Panel ("SIRP") determined that R.C. 4123.35(I) could be applied only prospectively. The bureau nevertheless continued for the next two years to bill Whitacre-Greer for assessments. All told, between November 1989 and June 1996, the bureau collected $141,344.65 in R.C. 4123.35(I) assessments from Whitacre-Greer.

{¶5} The bureau eventually discovered its mistake and issued a reimbursement to Whitacre-Greer for the last two years of assessments, totaling $36,501. Seeking a refund for the entire six and one-half years of overpayment, Whitacre-Greer began what eventually became a two-year administrative battle. The SIRP ultimately concluded that Whitacre-Greer had been improperly billed for the entire period. It then, however, applied Ohio Adm.Code 4123-17-17(C), which limits *premium* refunds to two years prior to discovery of the error. This was despite SIRP's concession that Whitacre-Greer might be correct in its arguments that the terms "assessment" and "premium" have different meanings.

{¶6} Whitacre-Greer turned to the Court of Appeals for Franklin County, seeking a writ of mandamus ordering the bureau to reimburse the entire overpayment. Relying on its decision in *State ex rel. ITT Grinell Corp. v. Conrad* (Sept. 21, 2000), Franklin App. No. 99AP-1078, the court refused to issue a writ of mandamus.

{¶7} This cause is now before this court upon an appeal as of right.

**{¶8}** The bureau concedes that for over six years it collected assessments from Whitacre-Greer to which it was not entitled. The bureau nevertheless asserts that Whitacre-Greer is entitled to only two years of recoupment based on Ohio Adm.Code 4123-17-17(C).

**{¶9}** The relevant provision directs:

**{¶10}** "The bureau shall also have the right to make adjustments as to classifications, allocation of wage expenditures to classifications, amount of wage expenditures, premium rates or amount of premium. No adjustments, however, shall be made in an employer's account which result in reducing any amount of premium below the amount of contributions made by the employer to the fund for the periods involved, except in reference to adjustment for the semi-annual or adjustment periods ending within twenty-four months immediately prior to the beginning of the current payroll reporting period. The twenty-four month period shall be determined by the date when such errors affecting the reports and the premium are brought to the attention of the bureau by an employer through written application for adjustment or from the date that the bureau provides written notice to the employer of the bureau's intent to inspect, examine, or audit the employer's records."

**{¶11}** Whitacre-Greer claims that Ohio Adm.Code 4123-17-17(C) applies only to "premiums" and not the "assessment" at issue herein, rendering the provision inapplicable in this case. The bureau in effect contends that the terms are synonymous—ignoring the SIRP's earlier acknowledgement that the two words may have distinct meanings.

**{¶12}** Neither the Administrative Code nor the Revised Code specifically defines "premium" or "assessment." The Revised Code does make clear, however, that a "premium" is a semiannual payment calculated from "classifications, rules and rates made and published by the administrator." R.C. 4123.35(A). On the other hand, the General Assembly uses the term "assessments" to refer to many things.

For example, there are assessments for interest and for penalties (R.C. 4123.35[A]), for handicap reimbursements (R.C. 4123.343[G]), for administrative costs (R.C. 4123.342), for the safety and hygiene fund (R.C. 4123.35[J]), and for the Disabled Workers' Relief Fund (R.C. 4123.411 and 4123.419).

{¶13} Perhaps the best example of the General Assembly's recognition that it draws a distinction between "premium" and "assessment" is in R.C. 4123.25(A) and (B):

{¶14} "(A) No employer shall knowingly misrepresent to the bureau of workers' compensation the amount or classification of payroll upon which the premium under this chapter is based. Whoever violates this division shall be liable to the state in an amount determined by the administrator of workers' compensation * * *.

{¶15} "(B) No self-insuring employer shall knowingly misrepresent the amount of paid compensation paid by such employer for purposes of the assessments provided under this chapter and Chapter 4121. of the Revised Code as required by section 4123.35 of the Revised Code."

{¶16} If "premiums" and "assessments" have the same meaning then R.C. 4123.25(B) is redundant. This is contrary to a basic rule of statutory construction that "words in statutes should not be construed to be redundant." *E. Ohio Gas Co. v. Pub. Util. Comm*. (1988), 39 Ohio St.3d 295, 299, 530 N.E.2d 875. This lends strong support for the assertion that the two terms have distinct meanings. Ohio Adm.Code 4123-17-17(C) is indeed inapplicable and does not bar full reimbursement of all funds wrongly taken by the bureau.

{¶17} The judgment of the court of appeals is reversed and a writ of mandamus is issued ordering reimbursement of all funds improperly collected.

Judgment reversed
and writ allowed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

Day, Ketterer, Raley, Wright & Rybolt, Ltd., Darrell N. Markijohn and Robert J. McBride, for appellant.

Betty D. Montgomery, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellee.

————————————